UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL MARCAVAGE and
MICHAEL STOCKWELL,

        Plaintiffs,

v.

CITY OF SYRACUSE, SYRACUSE
POLICE DEPARTMENT, FRANK FOWLER,
Chief of Police, in his official and individual
capacities, JOSEPH CECILE, Deputy Chief of
Police, in his official and individual capacities,
RICHARD SHOFF, Lieutenant, in his official
and individual capacities, MICHAEL LONG,
Sergeant, in his official and individual
capacities, PAUL KLUGE, Officer, in his official
and individual capacities, JOHN DOE,
Unidentified Officer of the Syracuse Police
Department, in his official and individual
capacities, JAMES DOE, Unidentified Officer, in
his official and individual capacities,

        Defendants.

STIPULATION OF SETTLEMENT
AND
ORDER OF DISMISSAL

Case No.: 5:12-cv- 00761-LEK-DEP

---

**WHEREAS**, Plaintiffs Michael Marcavage, *pro se*, and Michael Stockwell, *pro se*, filed a Complaint in this matter on 07 May, 2012 (Dkt. No. 1), alleging deprivation of their civil rights under the 1st and 14th Amendments to the United States Constitution and the Constitution of the State of New York, Art. I, §§ 3 and 8, and seeking relief pursuant to 42 U.S.C. § 1983, as well as a temporary restraining order, preliminary injunctive relief, declaratory judgment, and damages allegedly incurred as a result of their alleged deprivations.

**WHEREAS**, the parties are interested in resolving the issues alleged in the Complaint in this action, and have negotiated in good faith for that purpose; and

1

**WHEREAS**, the parties in the above-captioned action wish to discontinue the litigation;

**IT IS HEREBY STIPULATED AND AGREED**, by the undersigned Michael Marcavage, *pro se* and Michael Stockwell, *pro se* ("Plaintiffs") and for City of Syracuse, et al. ("Defendants") that, no person being an infant, an incompetent for whom a committee has been appointed, or a conservatee, and there being no person not a party who has an interest in the subject matter of the action, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii):

1. The Plaintiffs hereby agree that their claims in the above-captioned action against the Defendants are dismissed and discontinued with prejudice.

2. Any and all of the claims for damages by Plaintiffs, which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint, are hereby settled as against the named Defendants for the sum of $1.00 as payment in full for any and all of Plaintiffs' claims for damages, as well as for the sum of $610.80, less that sum of $1.00, of costs that the United States Court of Appeals for the Second Circuit ordered taxed in favor of the Defendant-Appellees in the matter of Michael Marcavage and Michael Stockwell v. Syracuse Police Department, et al., 12-2638, Dkt. No. 76, and that the Defendant-Appellees hereby waive *en toto* as settlement in full satisfaction of all claims for damages, costs, disbursements, and legal fees, incident to these matters.

3. In consideration of the payment of the sums stated in Paragraph #2 above, the Plaintiffs hereby release each of the named Defendants in their individual and official capacities, as well as their heirs, executors, administrators, and assigns from any and all claims, liabilities, and causes of action related to, or arising out of, any and all of the

events set forth in the Complaint in the above-captioned action and the Defendants likewise hereby release each of the named Plaintiffs in their individual capacities from the costs that the United States Court of Appeals for the Second Circuit ordered taxed in favor of the Defendant-Appellees set forth in Case No. 12-2638 at Dkt. No. 76 less $1.00 as in Paragraph #2 above.

    4. In stipulating to settle this matter, the parties acknowledge that the United States District Court for the Northern District of New York (hereinafter, "District Court") in its *Decision and Order* of 22 May, 2012 (Dkt. No. 16), granted Plaintiffs' motion for a temporary restraining order (Dkt. No. 4), finding that "Defendant Long's descriptions of the ordinances and how they would be applied to Plaintiffs ... appear to flout both the careful wording of the ordinance drafters and established First Amendment precedent" (Dkt. No. 16), that Defendant Long's interpretation and application of the City of Syracuse Noise Ordinance "appears to be seriously questionable as a matter of constitutional law, if not outright unconstitutional" (id.), that "Plaintiffs stand a strong chance of success on the merits of their 'as applied' challenge" (id.) that Defendant Long's actions resultantly adversely affected "Plaintiffs' First Amendment rights" (see generally, id.) as complained under the "First and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York, Art.I, §§ 3 and 8" (Dkt. No. 1), that the United States Court of Appeals for the Second Circuit (Case No. 12-2638 at Dkt. No. 76), in affirming the District Court's denial of Plaintiffs' motion for a preliminary injunction (Dkt. No. 40), determined that "the only apparent problem in the application of the Ordinance stemmed from a single officer who made statements that were inconsistent with the plain text of the Ordinance, and who was consequently

3

relieved from his role in enforcing the Ordinance" (Case No. 12-2638 at Dkt. No. 76), and that the City of Syracuse Police Department, accordingly, has taken further appropriate action to ensure that the free speech rights of all citizens are protected within the City of Syracuse by continuing to lawfully enforce all federal, state, and local laws over which the City of Syracuse Police Department has jurisdiction.

5. Payment of the amount stated in Paragraph #2, above, will be deemed made complete by Order of this Court upon execution herein and receipt by Defendants' counsel of a copy of the fully executed *So Ordered Stipulation of Settlement and Order of Dismissal* as entered by the Court.

6. This *Stipulation of Settlement and Order of Dismissal* and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this *Stipulation of Settlement and Order of Dismissal*.

7. This *So Ordered Stipulation of Settlement and Order of Dismissal* embodies the entire agreement of the parties in this matter.

8. This *Stipulation of Settlement and Order of Dismissal* may be signed in counterparts with signatures by facsimile or electronic mail considered as originals.

DATED: 09 January, 2014

By: *Michael Marcavage*
Michael Marcavage, *pro se*
Post Office Box 30000
Philadelphia, Pennsylvania 19103

DATED: 09 January, 2014

By: *Michael Stockwell*
Michael Stockwell, *pro se*
2 Imperial Drive
Selden, New York 11784

DATED: 09 January, 2014
ROBERT P. STAMEY, ESQ.
City of Syracuse, Corporation Counsel

By: *Joseph R.H. Doyle*
Joseph R. H. Doyle, Esq., of Counsel
City of Syracuse,
Assistant Corporation Counsel
Federal Bar Roll Number: 512766
Attorney for Defendants
233 East Washington Street
300 City Hall
Syracuse, New York 13202-1424
Telephone: 315.448.8400
Facsimile: 315.448.8381
E-mail: JDoyle@SyrGov.net

**IT IS SO ORDERED:**

_____
Lawrence E. Khan
United States District Judge

Dated:_____, 2014
         Albany, New York

5